IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERENCE L. THOMAS,**

              **Plaintiff,**

      v.                            **CASE NO. 21-3059-SAC**

**UNITED STATES OF AMERICA, et al.,**

              **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff, an inmate at Devens-FMC, Federal Medical Center, in Ayer, Massachusetts, has filed a pro se civil rights complaint. Plaintiff names as defendants the United States of America; A. Boncher, Warden of Devens-FMC; and FNU Arpano, Unit Manager. Devens-FMC is located in the District of Massachusetts. 28 U.S.C. §101.

28 U.S.C. § 1391(b) provides that a civil action may be brought in a judicial district where any defendant resides or a district where a substantial part of the events giving rise to the claim occurred. Based on a review of the complaint, the District of Kansas is not a proper venue for this action because no defendant resides in the District of Kansas, nor did any of the events giving rise to the claim occur in the District of Kansas.

28 U.S.C. § 1406(a) provides that a district court in which is filed a case laying venue in the wrong district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Because it appears from the Complaint that Plaintiff fails to state a claim for violation of his constitutional rights as discussed below, the matter is dismissed without prejudice rather than transferred.

Plaintiff resides on a mental health unit at Devens-FMC. He alleges he has been denied the use of the law library except for one to two hours on Fridays. He further complains that the microwave on his unit broke in November of 2020 and has not been replaced, while other general population units have had microwaves replaced repeatedly. Plaintiff does not state which constitutional right he alleges has been violated.

It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "to present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998)(citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996)("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."). An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53.

To state a denial of access claim due to lack of legal resources, the inmate must allege something more than that the prison's or jail's law library or legal assistance program is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." *Lewis*, 518 U.S. at 348, 350. In order to satisfy the actual injury requirement, the plaintiff must show that, by denying plaintiff access to the law library, prison officials frustrated or impeded the plaintiff's ability to file or litigate a non-frivolous action. *Id.* at 351, 354–55; *see*

*Faircloth v. Schwartz*, 2014 WL 446663 (D. Colo. Sept. 10, 2014); *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998)("To present a viable claim for denial of access to courts, however, an inmate must allege and prove prejudice arising from Defendants' actions.").   He may allege actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated or impeded.  *Id*. at 350, 353.

Plaintiff has not stated a claim for violation of his right of access to the courts because he has not alleged any actual prejudice resulting from his limited law library time.

As for Plaintiff's complaint about the unit microwave, the Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Indeed, prison conditions may be "restrictive and even harsh."  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."  *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001).  The lack of a microwave is simply not a deprivation of constitutional dimension.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice due to improper venue.

**IT IS FURTHER ORDERED** that the Order (ECF No. 7) granting Plaintiff leave to proceed in forma pauperis and assessing an initial partial filing fee is **rescinded**.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions (ECF Nos. 4, 8, and 9) are **denied** as moot.

**IT IS SO ORDERED.**

DATED: This 31st day of March, 2021, at Topeka, Kansas.


        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U.S. Senior District Judge**